IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Sidney W. Jackson IV,** | ) |
| *Plaintiff*, | ) |
| v. | ) CIVIL ACTION NO._____ |
| **U.S. Internal Revenue Service,** | ) |
| *Defendant*. | ) |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Sidney W. Jackson, IV ("Plaintiff" or "Plaintiff Jackson") brings this action against Defendant, United States Internal Revenue Service, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefore, Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff seeks to compel the disclosure of records unlawfully withheld by the Internal Revenue Service ("Defendant" or "IRS").

## JURISDICTION AND VENUE

2. FOIA states that an "agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published

rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

3. The Court has subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

5. FOIA provides for venue in either: (1) the judicial district where the plaintiff resides or has her principal place of business, (2) the judicial district where the agency records are situated, or (3) the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

6. Specifically, Plaintiff Jackson, the FOIA requester, resides and has his principal place of business in the district for the United States District Court for the Northern District of Alabama, Southern Division.

## PARTIES

7. Plaintiff Jackson filed the FOIA request that is the subject of the litigation. Exhibit 1. Plaintiff Jackson's principal place of business is located at 2311 Highland Avenue S., Suite 500, Birmingham, Alabama, 35205.

8. Defendant IRS is an agency of the U.S. Government and is headquartered at 1111 Constitution Avenue Northwest, Washington, D.C. 20224. The IRS is an agency within the meaning of 5 U.S.C. § 552(f).

2

## **STATUTORY FRAMEWORK**

9. The FOIA's purpose is "to encourage public disclosure of information so citizens may understand what their government is doing." *Miccosukee Trible of Indians of Fla. v. United States*, 516 F.3d 1235, 1244 (11th Cir. 2008) (internal quotations omitted).

10. FOIA requires federal government agencies to promptly release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

11. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request was made. *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

12. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, de novo, the agency's failure to respond and order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

13. In *Judicial Watch v. Rossotti*, the court reasoned:

> Upon receipt of a FOIA request, an agency must determine within 20 days whether it will comply and "immediately notify the person making such request of such

3

determination and the reasons therefor . . . ." "If the agency has not responded within the statutory time limit[ ], then, under 5 U.S.C. § 552(a)(6)(C), the requester may bring suit."

285 F. Supp. 2d 19, 22 (D.D.C. 2003) (quoting 5 U.S.C. § 552(a)(6)(A)(i) and *Oglesby v. Dep't of the Army*, 920 F.2d 57, 62 (D.C. Cir.1990)).

14. The IRS has "the burden of demonstrating that the withheld documents [requested by the FOIA requester] are exempt from disclosure." *Elec. Priv. Info. Ctr. v. Customs and Border Prot.*, 160 F. Supp. 3d 354, 357 (D.D.C. 2016) (quoting *Boyd v. U.S. Dep't of Just.*, 475 F.3d 381, 385 (D.C. Cir. 2007)).

15. An agency must prove that it "fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Id.* (citing *Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 119 (D.D.C. 2005)).

## STATEMENT OF FACTS

16. By letter sent by facsimile on February 13, 2025, Plaintiff Jackson sent a FOIA request to the Internal Revenue Service's Central Processing Unit. A true and correct copy of the FOIA request is attached hereto and incorporated herein as Exhibit 1.

17. Plaintiff Sidney W. Jackson ("Plaintiff Jackson") serves as outside legal counsel to TC Investors, LLC as Partnership Representative ("PR") of The Reserve

at Welsh, LLC ("Reserve at Welsh" or "Taxpayer") since November of 2020. As set forth in Exhibit 1, Plaintiff Jackson's FOIA request sought each and every document (exclusive of the filed income tax returns) contained in the administrative files of the Internal Revenue Service relating to the examinations of the Form 1065, U.S. Return of Partnership Income, filed by The Reserve at Welsh, LLC (EIN: 81-█████) (the "Taxpayer") for taxable year ended December 31, 2018 (the "Examinations"), including, but not limited to, the following:

    1. The Examination Division Administrative File (the "Administrative File") for the Examinations. The requested file includes any worksheets, work papers, notes, emails, documents, memoranda, letters, computations and other materials prepared or accumulated relative to the Audit by employees of the IRS and any other governmental agency. This request also includes internal documents, memoranda, memoranda of all interviews of persons regarding the charitable contributions by the Taxpayer, copies of all statements (sworn or otherwise) given by individuals in connection with the Audit, Case Activity record, written reports and recommendations concerning the proposed adjustment of partnership items and penalties, and any other information that is related to the determinations by the IRS as set forth in the Revenue Agent Audit Report.

    2. Any documents (electronic or otherwise) relative to the Examination that may have been prepared by specialist agents, engineers, or valuation specialists, and materials created as specialty case files, desk files, or as group files, which are not otherwise included in the Administrative File. This request includes any emails, work papers, notes, documents, memoranda, transmittal letters, reports, documents describing or recording interviews, or other materials prepared or accumulated relevant to the Examinations.

    3. Any documents (electronic or otherwise) relative to the Examination that may have been prepared by persons not employed by the Internal Revenue Service, including consultants, appraisers,

economists, engineers, and any other specialists retained for this case and which are not otherwise included in the Administrative File. This request includes any emails, work papers, notes documents, memoranda, transmittal letters, reports, documents describing or recording interviews, or other materials prepared or accumulated relevant to the Examination.

4. Any documents (electronic or otherwise) relative to the Examination that include information and documents obtained pursuant to summonses or third-party requests issued to third parties which are not otherwise included in the Administrative File.

5. Any communications concerning The Reserve at Welsh, LLC's Examination, The Reserve at Welsh, LLC's Administrative File, or The Reserve at Welsh, LLC between the Internal Revenue Service and federal legislative branch officials including the Senate Finance Committee, its staff, and its interns.

6. Any communications concerning The Reserve at Welsh, LLC's Examination, The Reserve at Welsh, LLC's Administrative File, or The Reserve at Welsh, LLC between the Internal Revenue Service and any state or federal agency or official therein.

See Exhibit 1.

18. By letter dated February 20, 2025, IRS Disclosure Manager, L. Fontanez, confirmed receipt of Plaintiff Jackson's February 13, 2025 letter. A true and correct copy of Fontanez's letter dated February 20, 2025 is attached hereto and incorporated herein as Exhibit 2.

19. In the February 20, 2025 letter from Fontanez, Fontanez stated that the "initial estimated date of completion" was March 14, 2025. No correspondence or records were produced by this date. Exhibit 2, p. 1.

20. By letter dated March 5, 2025, Fontanez sent a second letter to Plaintiff Jackson in response to Plaintiff Jackson's February 13, 2025 letter. A true and

6

correct copy of Bien's second letter dated March 5, 2025 is attached hereto and incorporated herein as Exhibit 3.

21. In the March 5, 2025 letter from Fontanez, Fontanez stated that she needed additional time to "[s]earch for and, to the extent that records exist, collect requested records from other locations" related to Plaintiff Jackson's FOIA request. Exhibit 3. p. 2.

22. As of the date of the filing of this complaint, the date on which we have a right to file for suit for a judicial review, March 28, 2025, has passed. Exhibit 3, p. 2. Plaintiff Jackson has not received a complete production responsive to the substance of his FOIA Request.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. As the IRS has admitted in its FOIA response letters, pursuant to 26 CFR § 601.702, there is no right to an administrative appeal for failure to meet the statutory 20 business-day, or additional 10 business-day, timeframes for response."

24. Therefore, there were no administrative remedies to be exhausted prior to the filing of this Complaint pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

25. The March 5, 2025 letter specifically states that Plaintiff has "the right to file suit for a judicial review. You can file suit after March 28, 2025." Exhibit 3, p. 2.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Disclose Responsive Records

26.     Plaintiff re-alleges paragraphs 1 through 24 as are fully stated herein.

27.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

28.     Plaintiff has a legal right to obtain such records, and no legitimate basis exists for Defendant's failure to disclose them. Defendant has not objected to the requests nor asserted any grounds or bases for failing to respond and produce the requested records.

29.     As Defendant has admitted, there are no applicable administrative remedies for Plaintiff to exhaust with respect to the IRS's failure to meet the statutory 20 business-day, or additional 10 business-day timeframe for a response to a FOIA request.

30.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

31.     Defendant's failure and refusal to obey its statutory obligations frustrates the essential purpose of the Freedom of Information Act, are flagrant, and without any legal excuse, and evidence a total disregard for the fundamental rights

the legislation in question is designed to protect. Plaintiff has been forced to pursue this action in Court to protect and exercise her rights to documents and information which are being withheld.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Jackson respectfully requests this Court to:

(1) Expedite this proceeding as provided for in 28 U.S.C. § 1657.

(2) Declare Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

(3) Order Defendant to conduct a search for any and all responsive records to Plaintiff Jackson's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request.

(4) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indexes of any responsive documents withheld, citing the appropriate FOIA exception.

(5) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the FOIA request.

(6) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

(7) Grant Plaintiff such further and additional relief as the Court deems just and proper to which Plaintiff may show herself to be justly entitled.

Respectfully submitted this the 11th day of April 2025.

*/s/ Cheryl Howell Oswalt*
Gregory Rhodes (ASB-4351-G689)
Cheryl Howell Oswalt (ASB-2975-E62O)

**DENTONS SIROTE PC**
2311 Highland Ave. S.
Birmingham, Alabama 35205
gregory.rhodes@dentons.com
Telephone:  (205) 930-5445
cheryl.oswalt@dentons.com
Telephone:  (205) 930-5408

Logan C. Abernathy (ASB-6278-F63M)
**DENTONS SIROTE PC**
305 Church Street SW, Suite 800
Huntsville, Alabama 35801
Telephone:  (256) 518-3609
Facsimile:   (256) 518-3681
logan.abernathy@dentons.com

*Attorneys for Plaintiff*

10

## **VERIFICATION**

Under the penalty of perjury under the laws of the United States, I declare I have read the foregoing and that the facts alleged therein are true and correct to the best of my knowledge and belief, excepting only those allegations which are identified as based on information and belief. Such allegations are based on a good faith belief. I understand that a false statement in this Verification will subject me to penalties of perjury.

_____
By: Sidney W. Jackson, IV

Title: As Plaintiff and Legal Counsel for TC Investors, LLC as Partnership Representative ("PR") of The Reserve at Welsh, LLC

Date: April 11, 2025